BENNETT J. LEE (Bar No. 230482)
ANDREW VAN ORNUM (Bar No. 214040)
ANDREW J. RAMOS (Bar No. 267313)
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
333 Bush Street, Suite 1500
San Francisco, CA  94104
Telephone:     415-623-7000
Facsimile:      415-623-7001
Emails:          blee@wthf.com
                     avanornu@wthf.com
                     aramos@wthf.com

Attorneys for Plaintiff
ARCH INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION**

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SIERRA EQUIPMENT RENTAL, INC., a California corporation; MELVIN R. WEIR, an individual; CAROLYN S. SCAROLA, as trustee of the Dry Creek Ranches Trust; CAROLYN S. SCAROLA, an individual,<br><br>　　　　　　Defendants. | Case No.  2:12-cv-00617-KJM-KJN<br><br>**ORDER GRANTING ARCH INSURANCE COMPANY'S EX PARTE APPLICATION FOR TEMPORARY PROTECTIVE ORDER AND ORDER SHORTENING TIME ON APPLICATION FOR A RIGHT TO ATTACH ORDER AND WRITS OF ATTACHMENT AGAINST DEFENDANTS SIERRA EQUIPMENT RENTAL, INC., WEIR, AND SCAROLA**<br><br>Date:  April 12, 2012<br>Time:  3:30 p.m.<br>Room:  Courtroom Three |

The Court considers the Ex Parte Application for Right to Attach Order and Writs of Attachment against Defendants Sierra Equipment Rental, Inc., Weir, and Scarola, or In The Alternative, for Temporary Protective Order of plaintiff Arch Insurance Company ("Arch") and directed to defendants Sierra Equipment Rental, Inc., Melvin R. Weir, and Carolyn S. Scarola as trustee of the Dry Creek Ranches Trust (collectively, "Defendants").

## **FINDINGS ON APPLICATION FOR ATTACHMENT**

Having considered the papers, and any argument as the Court deems necessary, the Court hereby finds as follows:

1. Sierra Equipment Rental, Inc. is a corporation, Melvin R. Weir is a natural person, and Carolyn S. Scarola is a natural person but is sued in her capacity as trustee of the Dry Creek Ranches Trust.

2. Attachment is sought to secure recovery on a claim upon which attachment may issue pursuant to California Code of Civil Procedure section 483.010.

3. Attachment is sought for no purpose other than the recovery on a claim upon which the attachment is based.

4. The amount to be secured by the attachment is greater than zero.

5. Arch established the probable validity of all the claims on which the writ of attachment would issue.

6. Great and irreparable injury to Arch will result if this order is not issued, based on danger that the property sought to be attached will be concealed or made unavailable to levy by other than concealment or substantial impairment in value.

7. The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.

8. Arch must file an undertaking in the amount of $10,000.00 before a protective order will issue, and Arch has filed an undertaking in that amount.

## **ORDER**

Based on the above findings, and good cause appearing, the Court hereby orders that the

following:

1. The Court will hear Arch's Application for Right to Attach Order and Writs of Attachment against Defendants Sierra Equipment Rental, Inc., Weir, and Scarola on April 12, 2012 at 3:30 p.m. in Courtroom Three, and any opposition thereto shall be filed by April 10, 2012 by 4:30 p.m.

2. The affected parties have the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

3. For 40 days after the issuance of this Order, or until Arch levies attachment on the specific property, Defendants shall not transfer, directly or indirectly, any interest in the property described as follows:

**I.     Sierra Equipment Rental, Inc.**

a. All of Sierra Equipment Rental, Inc.'s corporate property, which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure section 487.010.

b. All of Sierra Equipment Rental, Inc.'s corporate property in the hands of its former officer, Karrie Kindell.

**II.    Melvin R. Weir**

a. Any and all interests held in accounts receivable, chattel paper, and general intangibles arising out of conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00).

b. Any and all interests held in equipment.

c. Any and all interests held in farm products

d. Any and all interests held in inventory.

e. Any and all interests held in money on the premises where a trade, business or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts.

f. Any and all interests held by the defendant in community property that would be subject to enforcement of judgment in this lawsuit.

g. Any and all interests in real property, except leasehold estates with

unexpired terms of less than one year.

   h. Negotiable documents of title, instruments, securities.

   i. Any and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance, including builder's risk, fire, employee dishonesty or workers' compensation insurance policies, and any premium refunds related thereto.

  **III.** **<u>Carolyn S. Scarola, as trustee of the Dry Creek Ranches Trust</u>**

   a. Any and all interests held in accounts receivable, chattel paper, and general intangibles arising out of conduct of a trade, business, or profession, except any such claim with a principal balance of less than one hundred fifty dollars ($150.00).

   b. Any and all interests held in equipment.

   c. Any and all interests held in farm products

   d. Any and all interests held in inventory.

   e. Any and all interests held in money on the premises where a trade, business or profession is conducted by the defendant and, except for the first one thousand dollars ($1,000), money located elsewhere than on such premises and deposit accounts.

   f. Any and all interests held by the defendant in community property that would be subject to enforcement of judgment in this lawsuit.

   g. Any and all interests in real property, except leasehold estates with unexpired terms of less than one year, including, but not limited to:

- APN 040-570-022: Durham Dayton Highway at CA 99, Durham, CA 95938, County of Butte, California
- APN 019-05-0-030-9-0: 8176 County Road 44, 2281 Highway 45, Glenn, CA 95943, County of Glenn, California

   h. Negotiable documents of title, instruments, securities.

   i. Any and all right, title and interest in any monies due or to become due under any policy of insurance, including, but not limited to, claims under any policy of insurance, including builder's risk, fire, employee dishonesty or workers' compensation insurance policies,

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW

ARCH INSURANCE EX PARTE APP. FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT

and any premium refunds related thereto.

**IT IS SO ORDERED.**

Dated: April 3, 2012.

_____
UNITED STATES DISTRICT JUDGE