IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation, | |
| Plaintiff, | No. CIV S-12-0617 KJM KJN |
| vs. | |
| SIERRA EQUIPMENT RENTAL, INC., a California corporation, MELVIN R. WEIR, CAROLYN SCAROLA, as trustee of the Dry Creek Ranches Trust, | |
| Defendants. | ORDER |
| / | |

On December 18, 2012, plaintiff Arch Insurance Company (Arch) filed an ex parte application for a turnover order against the defendants. (ECF 76.) Counsel for defendants Weir and Sierra Equipment Rental, Inc., filed a single page opposition, claiming that Weir was out of town and unable to sign a declaration, but denying that Weir had received any rental or lease payments as described in the application. (ECF 77.) For the reasons explained below, the court GRANTS Arch's application. In addition, the court DENIES Arch's request for the issuance of alias writs of attachment, without prejudice. (ECF 75.)

/////

/////

1

I. <u>Background</u>

Arch's claims arise from its issuance of surety bonds to Sierra for Sierra's contracted construction projects for the State of California Department of Transportation ("CalTrans") and Tutor-Saliba between December 2009 and January 2011. (ECF 2 ¶¶ 9-10.) In its original complaint filed on March 9, 2012, Arch alleged that Sierra, Weir, Scarola, and the Dry Creek Ranch Trust (collectively, "Indemnitors") executed a General Indemnity Agreement ("GIA") promising to indemnify Arch against any losses that Arch might incur from issuing the bonds. On January 31, 2012, Sierra notified Arch that it needed $3 million in financial assistance after defaulting on its project for CalTrans. (ECF 2 ¶¶ 19-20.) In turn, Arch requested that Sierra and Indemnitors deposit $1,461,918.83 in collateral, the amount Arch estimated it had received in claims, discharge Arch from the bonds, and allow Arch to inspect books and records, consistent with the terms of the GIA. (*Id.* ¶ 21.) Arch asserts that Sierra and Indemnitors have not complied with these obligations under the GIA. (*Id.* ¶¶ 28-30.) The court issued an order for a writ of attachment on May 18, 2012, allowing Arch to attach defendants' property in the amount of $1,661,980, which included attorney's fees. (ECF 36.)

Thereafter the court granted Arch's request for the issuance of a preliminary injunction barring defendants Sierra Equipment Rental, Inc., Melvin R. Weir, and Carolyn S. Scarola, as Trustee of the Dry Creek Ranches Trust, from withdrawing, transferring, assigning, conveying, pledging, hypothecating, dissipating, mortgaging, or disposing of in any manner the funds in their possession and any funds, assets, realty or personalty, tangible or intangible, choses in action or other property, except for Weir's property that is otherwise exempt from enforcement of a money judgment under California Code of Civil Procedure section 703.010, *et seq*. (ECF No. 71.) The court also granted Arch's request to file an amended complaint, which omits the third, fourth and fifth causes of action but includes a claim for conversion against the Indemnitors, a claim for conspiracy to convert against the Indemnitors and Kindell, a claim for conversion against the DCR Trust, Weir, Scarola, Lanza and Hust, a claim for fraud against the

1 Indemnitors, a claim for violation of the Uniform Fraudulent Transfer Act (UFTA), CAL. CIV.
2 CODE § 3439, *et seq.*, against all defendants, and a claim for conspiracy to violate the UFTA
3 against Indemnitors, Scarola, Kindell, Lanza and Hust.  (ECF 68, 71.)

## II.  Request For A Turnover Order

Under California Code of Civil Procedure section 482.080(a), a court may issue "an order directing the defendant to transfer to the levying officer" any property sought to be attached by taking it into custody, which includes property "'in the possession of or under the control of the defendant,'" and instruments, including cashier's checks and promissory notes. *Pac. Decision Sciences Corp. v. Superior Court*, 121 Cal. App. 4th 1100, 1109 (2004) (noting that a writ of attachment may be levied against checks and money orders); CAL. COMM. CODE § 9102(a)(47) (defining instrument to include "a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation").  A court has the authority "to issue a 'turnover order' directing the defendant to cooperate in transferring possession," which is done "in addition to or in aid of a writ."  *Pac. Decision Sciences Corp.*, 121 Cal. App. 4th at 1109 (internal citation & quotation marks omitted).

Arch has presented evidence suggesting that defendant Weir holds a promissory note made by Roy Lanza in Weir's favor with an interest rate of .1% and that Weir has received a portion of the proceeds of a lease of land Lanza and the Lanza family trust made to a rice farmer.  Declaration of Andrew Van Ornum (Van Ornum Decl.) ¶¶ 3-4; Declaration of Andrew Ramos (Ramos Decl.) ¶ 10 & Ex. G.  In addition, an open book account provided by Lanza's counsel suggests that Weir has provided additional money to Lanza through an open book loan.  Ramos Decl. ¶ 13 & Ex. H.  Arch has also produced evidence that Weir made several large withdrawals from Sierra's bank account after Arch had served its demand for collateral, although not after the court issued the writ of attachment.  Ramos Decl. ¶ 3.  In addition, Scarola withdrew money from the Dry Creek Ranches Trust bank account before and after the court issued the writ

/////

of attachment and still has one of the cashier's checks in her possession.  Ramos Decl. ¶¶ 7, 8 & Ex. F.

Arch argues that this evidence shows the defendants' continuing attempts to dissipate assets by withdrawing money outright or by transferring money to Lanza through a "loan" made on an interest rate that is not commercially viable.  The court finds that this evidence justifies the turnover order.

III.  Alias Writs

Arch has asked the court to issue identical copies of the writs previously issued.  It has not established that the originally issued writs have been lost or returned and thus has not satisfied the requirement for the issuance of alias writs.  In addition, it has not otherwise suggested why it needs multiple copies of the previously issued writs.  CAL. CODE CIV. PROC. § 482.090(b).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's request for the issuance of additional writs (ECF 75) is denied without prejudice;

2. Plaintiff's ex parte motion for the issuance of a turnover order (ECF 76) is granted; within seven days of the date of this order, Arch shall provide a form order to the court.

DATED: January 7, 2013.

_____
UNITED STATES DISTRICT JUDGE