UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA EQUIPMENT RENTAL, INC., a California corporation, et al.,<br><br>Defendants. | No. 2:12-cv-00617-KJM-KJN<br><br>ORDER |

Kevin F. Rooney of Brown George Ross LLP moves to withdraw as counsel for defendant Sierra Equipment Rental, Inc. ("Sierra"). ECF No. 161. No opposition has been filed. The court submitted the matter as provided by Local Rule 230(g). As explained below, the court DENIES Mr. Rooney's motion to withdraw without prejudice to refiling with the defects cured.

I.   LEGAL STANDARD

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). The local rules also provide that attorneys are subject to the California Rules of Professional Conduct. *Id.*

1

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citations omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08-02999, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to withdraw, including where "the client . . . renders it unreasonably difficult for the member to carry out the employment effectively, or . . . [t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 3-700(C)(1)(d), (C)(6). However, before an attorney can withdraw, Rule 3-700(A)(2) requires the attorney to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [on release of a client's papers and property], and complying with applicable laws and rules." District courts in this circuit recognize that "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Resource*, 2009 WL 3367489, at *2 (denying motion to withdraw where corporation would be left unrepresented by counsel); *see Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-1112, 2015 WL 6736801, at *2, *5 (E.D. Cal. Nov. 4, 2015) (same).

II. DISCUSSION

    A.    11 U.S.C. § 327

Mr. Rooney argues his representation of Sierra terminated upon the filing of Sierra's bankruptcy case, and he is precluded from representing Sierra under 11 U.S.C. § 327. Section 327 states: ". . . the trustee, with the court's approval, may employ one or more attorneys,

accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).  It is not clear to the court based on Mr. Rooney's briefing that § 327 operates to automatically relieve him of his obligations as counsel here.  The language of the statute alone does not dictate such a result, and Mr. Rooney has not provided other authority supporting his position.  Neither has Mr. Rooney addressed the position previously advanced by plaintiff's counsel, that § 327 is irrelevant because the bankruptcy estate no longer exists.  *See* Van Ornum Decl. ¶ 6, ECF No. 112.  The court finds Mr. Rooney has not made a sufficient showing that withdrawal is warranted based on § 327.

B.  California Rule of Professional Conduct 3-700

Mr. Rooney also argues withdrawal is justified under California Rule of Professional Conduct 3-700(C)(1)(d), because Sierra's conduct has rendered it unreasonably difficult for him to carry out the representation effectively.  Specifically, Mr. Rooney has not contacted Sierra since the date of its bankruptcy filing on January 9, 2013 and was unable to contact Sierra directly in connection with this motion.  Rooney Decl. ¶¶ 3, 5.  Mr. Rooney contends he complied with Local Rule 182(d) and California Rule of Professional Conduct 3-700, because he gave notice of his motion to Sierra's principal, Melvin Weir, through bankruptcy counsel for Sierra and Mr. Weir, Stephen D. Finestone.  *Id.* ¶ 5.  Mr. Rooney's declaration states Mr. Finestone told him: "(1) that Mr. Weir has 'no firm address,' and that notices to Mr. Weir/Sierra could be sent in the care of Mr. Finestone, and (2) that Mr. Finestone would pass on all such notices to Mr. Weir."  *Id.*  Mr. Rooney provided Mr. Finestone's address as Sierra's "last known address," and stated he has no other contact information for Mr. Weir or Sierra.  *Id.* ¶¶ 6–7.

Mr. Rooney's motion in this respect also reveals a number of defects.  First, Mr. Rooney has not established Mr. Weir is the proper agent to receive service on Sierra's behalf.  Although Mr. Rooney's declaration states Mr. Weir is Sierra's "principal," Rooney Decl. ¶ 5, the

Secretary of State lists defendant Karrie Kindell as the agent for service of process.[1]  Second, Mr. Rooney has not described the specific efforts he has made to locate or contact Sierra, other than by contacting Mr. Finestone.  "[W]here an attorney seeks to withdraw based on an inability to locate his or her client, compliance with Rule 3-700(A)(2) requires the attorney to expend a reasonable amount of time and funds so as to insure that the attorney makes a diligent effort to locate the client."  *Caveman Foods*, 2015 WL 6736801, at *2 (internal quotation marks and citation omitted).  Local Rule 182(d) also requires the attorney to provide the current or last known address of the client.  Here, Mr. Rooney has simply provided the address of Mr. Finestone without describing any other efforts Mr. Rooney made to locate his client.  Third, Mr. Rooney has not submitted a declaration by Mr. Finestone verifying notices could be sent to Sierra in his care.  Finally, Mr. Rooney has not shown he has taken reasonable steps to avoid prejudice to Sierra.  *See* Cal. R. Prof. Conduct 3-700(A)(2); *cf. CE Resource*, 2009 WL 3367489, at *2.  Mr. Rooney's withdrawal would place Sierra in immediate violation of the local rules as it would no longer have counsel to represent it.  *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").  As an unrepresented corporation, Sierra could not file any pleadings, make or oppose any motions, or present any evidence, and would thus be subject to the entry of default and default judgment.  *Caveman Foods*, 2015 WL 6736801, at *2.  Mr. Rooney has not indicated he has attempted to locate substitute counsel or has attempted to advise Sierra of the potential consequences it would face in his absence.  *See CE Resource*, 2009 WL 3367489, at *3.

        Given the prejudice Sierra would likely suffer if the motion is granted, the court finds Mr. Rooney has not made a sufficient showing that withdrawal is warranted.  Having undertaken to represent Sierra as counsel of record in this action, it is Mr. Rooney's duty to continue to represent his client to the best of his ability, unless and until relieved by the court.  *See* E.D. Cal. L.R. 182(d).

---

[1] The court on its own motion takes judicial notice of this fact under Federal Rule of Evidence 201(b)(2), because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

III.     CONCLUSION

For the foregoing reasons, the court DENIES Mr. Rooney's motion to withdraw as counsel without prejudice to refiling and curing the defects reviewed above.  Any such amended motion to withdraw shall be filed within fourteen (14) days of the date this order is filed.

Given the amount of time that has passed since Sierra filed its bankruptcy action in January 2013 and since Mr. Rooney first raised the issue of Sierra's representation in October 2014, the court reserves the right to impose sanctions if the issue is not resolved shortly.

The motion hearing on plaintiff's motion for partial summary judgment against Sierra is hereby VACATED and RESET for May 6, 2016, pending resolution of the issue of Sierra's representation.

IT IS SO ORDERED.

DATED:  March 2, 2016.

_____
UNITED STATES DISTRICT JUDGE